UNITED STATES COURT OF APPEALS
**Filed 10/2/96**
FOR THE TENTH CIRCUIT

VERNETTA TAYLOR-PACE,

      Plaintiff-Appellant,

v.

U.S. WEST COMMUNICATIONS,
INC.,

      Defendant-Appellee.

No. 95-1465
(D.C. No.93-WY-1791-WD)
(D. Colo)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this appeal from the judgment entered for defendant on plaintiff's employment discrimination claims, the sole issue presented is whether the district court abused its discretion in precluding plaintiff from introducing at trial evidence concerning an employment grievance proceeding. See, e.g., Pandit v. American Honda Motor Co., 82 F.3d 376, 379 (10th Cir. 1996)(appellate court reviews evidentiary rulings for abuse of discretion). The district court excluded evidence of the grievance proceeding under Fed. R. Evid. 401, 403, and 408. While Rule 408 does not require the exclusion of evidence regarding the settlement of a claim entirely different from the claim being litigated, see Broadcort Capital Corp. v. Summa Medical Corp., 972 F.2d 1183, 1194 (10th Cir. 1992), as is the case here, admission of such evidence nonetheless implicates the same concerns with prejudice and deterrence to settlements underlying Rule 408, see Orth v. Emerson Elec. Co., 980 F.2d 632, 639 (10th Cir. 1992). In light of the strong deference afforded the trial court in these matters, see, e.g., United States v. Roberts, 88 F.3d 872, 880 (10th Cir. 1996)(addressing exclusion of evidence under Rule 403), we cannot say the district court abused its discretion in excluding this evidence under Rules 401 and 403. See Orth, 980 F.2d at 638-39.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge